UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALFONSO RIZZUTO,

                Plaintiff,

-against-

ANTHONY ANNUCCI, et al.,

                Defendants.

No. 22-CV-7698 (CS)

SUPPLEMENTAL ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action arising from events that occurred in 2019, when he was incarcerated at Woodbourne Correctional Facility. On January 18, 2023, the Court issued an order of service on the named Defendants. (ECF No. 6.) The U.S. Marshals Service attempted to serve Defendants Denisha Goodman and Frank Klepeis (whose name is apparently misspelled as Klepsis in the Complaint) but was unsuccessful, having been informed by personnel at Woodbourne that neither Defendant was employed there any longer. (*See* ECF Nos. 9, 15.) The Court ordered the New York State Attorney General to provide updated addresses for Defendants Goodman and Klepeis. (ECF No. 23.) It responded on October 3, 2023, assuring the Court that Goodman and Klepeis are indeed employed at Woodbourne and that service for them would be accepted there. (ECF No. 24.) The Court now issues a supplemental order of service.

      Because Plaintiff has been granted permission to proceed *in forma pauperis* (IFP), he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1]  *Walker v. Schult*,

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and amended complaint until the Court

717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Denisha Goodman and Frank Klepeis through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the Complaint is not served on Defendants Goodman and Klepeis within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

---

reviewed the amended complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

The Clerk of Court is further instructed to complete the USM-285 form with the addresses for Defendants Denisha Goodman and Frank Klepeis and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is also directed to send this order to the Attorney General of the State of New York (attention: AAG Elizabeth Barbanes), 44 South Broadway, White Plains, New York, NY 10601.

The Clerk shall also amend the caption to reflect the correct spelling of Klepeis' name (Klepeis, not Klepsis).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated: October 4, 2023
       White Plains, New York

                                               _____
                                               CATHY SEIBEL, U.S.D.J.

## DEFENDANTS AND SERVICE ADDRESSES

Denisha Goodman
Woodbourne Correctional Facility
99 Prison Rd
Woodbourne, NY  12788

Frank Klepeis
Woodbourne Correctional Facility
99 Prison Rd
Woodbourne, NY  12788