Defendants may file the medical records under seal. The Court understands that Defendants will separately serve a copy on Plaintiff, but the parties should be aware that under the new procedures for sealed documents, see SDNY Notice to the Bar dated 9/24/25 and Standing Order dated 9/23/25, sealed documents are not viewable on ECF by non-court parties.

The parties are reminded to send a hard copy of their motion papers to chambers at the time of service (but if the exhibits are too voluminous, they can be submitted on a thumb drive.

SO ORDERED.

*Cathy Seibel*
CATHY SEIBEL, U.S.D.J.

3/25/26

**Office of the New York State Attorney General**

**Letitia James
Attorney General**

March 25, 2026

The Honorable Cathy Seibel
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

> **Re:**   Rizzuto v. Annucci, 35 al Civ. No. 22-cv-7698
> Defendants' Letter Motion to File Plaintiff's Medical Records Under Seal

Dear Judge Seibel:

Defendants Ashley Harris-Baker, Miriam Weig and Lynn Lilley, by their counsel, the Office of the Attorney General of the State of New York, Elizabeth Barbanes, of counsel, respectfully seek to move pursuant to *Rule 5.2(d)* of the Federal Rules of Civil Procedure and this Court's Individual Rules of Practice Rule 11B and the court's standing order, 19-MC-00583. for an order permitting Defendants to file Plaintiff's medical records under seal in connection with Defendants' forthcoming motion for summary judgment. The proposed sealing is limited: the records would remain accessible to Plaintiff, to the Court and its personnel, and to counsel of record, and would be restricted from general public access on the docket.

## I.  Nature and Scope of the Records at Issue

In support of their motion for summary judgment, Defendants intend to submit as exhibits Plaintiff's medical records generated during his incarceration within the New York State Department of Corrections and Community Supervision, primarily while housed at Woodbourne Correctional Facility from May 2019-October 2019. Those records include, *inter alia*: clinical progress notes; treatment and medication administration records; non-formulary drug request and approval forms; specialist consultation reports from dermatology, urology, audiology, cardiology, and podiatry; diagnostic study reports including an electromyographic study and a stress echocardiogram; prescription records; therapeutic diet forms; and medical limitation memoranda.

These records are the central evidentiary foundation of Defendants' motion. They document the course of treatment Plaintiff received for his chronic psoriasis and associated conditions, the specialist referrals made on his behalf, the non-formulary medication approval process, and the clinical decisions made by each defendant during the relevant period. There is no practicable way to present the summary judgment record without filing them.

Hon. Cathy Seibel
Rizzuto v. Annucci, 22-cv-7698
Page 2

## II.  Legal Standard

While there is a presumption of public access to judicial documents, that presumption is not absolute and yields to competing interests of sufficient weight.  *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119–20 (2d Cir. 2006).  Courts balance the weight of the presumption against countervailing factors, including the privacy interests of individuals in their medical and health information.  *Id.*  The Second Circuit has recognized that an individual's interest in the confidentiality of sensitive medical records can constitute a sufficiently compelling interest to support sealing.  *United States v. Amodeo,* 71 F.3d 1044, 1051 (2d Cir. 1995).

Rule 5.2(d) of the Federal Rules of Civil Procedure expressly authorizes the Court to order that filings be made under seal.  S.D.N.Y. Electronic Case Filing Rules and Instructions further contemplate that documents containing sensitive personal information, including protected health information, may be filed under seal upon order of the Court.  The Southern District's Individual Practices in Civil Cases routinely recognize applications of this nature in the context of prisoner civil rights litigation, where extensive medical records are routinely filed in support of or in opposition to dispositive motions.

The Health Insurance Portability and Accountability Act ("HIPAA") designates an individual's medical records as protected health information, the public disclosure of which implicates significant federal privacy interests.  See 45 C.F.R. §§ 160.103, 164.502.  Although HIPAA does not independently create a private right of action in this context, it reflects a well-established federal policy that medical records warrant protection from unnecessary public disclosure, a policy that courts in this Circuit give weight when evaluating sealing applications. See *Sealed v. Sealed,* 332 F.3d 51, 55–56 (2d Cir. 2003).

## III.  The Balance of Interests Supports Sealing

Three considerations support the proposed sealing order here.

**Sensitivity of the Information.**  Plaintiff's medical records contain detailed clinical documentation of his dermatological conditions, including psoriasis, melanoma history, and other personal health matters.  This is precisely the category of intimate personal health information that courts have consistently found warrants protection from public disclosure.  *Amodeo,* 71 F.3d at 1051.

**Limited Scope of the Proposed Restriction.**  The proposed sealing order is not a blanket restriction.  Defendants request only that the records be restricted from general public docket access.  Plaintiff, who is *pro se*, would have full access to all sealed materials; he is the subject of these records and disclosed many of them through prior disclosure in this litigation. The restriction is narrow, targeted, and proportionate to the privacy interest at stake.

**Relevance to the Merits Without Countervailing Public Interest.**  The public interest in the specific contents of one prisoner's clinical medical record is minimal.  The legal questions presented by Defendants' summary judgment motion, the standard for deliberate indifference, the framework for supervisory personal involvement, the requirements for causation in a conditions-of-confinement claim, can be addressed in publicly filed memoranda of law without requiring public disclosure of the underlying clinical documentation.  The substance of the Court's

Hon. Cathy Seibel
Rizzuto v. Annucci, 22-cv-7698
Page 3

adjudication will be fully reflected in any opinion or order, which will itself be publicly available. Sealing the underlying medical records thus does not impair the public's ability to understand or scrutinize the Court's decision.

## IV. Proposed Procedure

Defendants propose the following procedure, subject to the Court's preferences:

1. Plaintiff's medical records submitted in support of Defendants' motion for summary judgment would be filed as sealed exhibits, viewable by the Court, Court personnel, Plaintiff, and counsel of record.

2. Defendants' memorandum of law, Local Rule 56.1 statement, and attorney declaration would be filed publicly, with citations to the sealed exhibit record. Any quotations from the medical records appearing in those public documents would be limited to what is necessary to identify the relevant evidence and would not reproduce extended personal health information.

3. A courtesy copy of the sealed exhibits will be provided to Plaintiff simultaneously with their electronic filing, ensuring that Plaintiff, as a *pro se* litigant, has full access to all materials on which Defendants rely.

4. Should the Court at any point determine that any portion of the sealed record should be made publicly accessible, Defendants respectfully request an opportunity to be heard before any such determination takes effect.

Defendants have conferred with Plaintiff regarding this application. Plaintiff has no objection to Defendants' motion.

For the foregoing reasons, Defendants respectfully request that the Court enter an order permitting Plaintiff's medical records to be filed under seal, with access limited to Plaintiff, the Court and its personnel, and counsel of record.

Respectfully submitted,

Elizabeth Barbanes

**Elizabeth Barbanes**
Assistant Attorney General
Office of the Attorney General
44 South Broadway
White Plains, New York 10601
(914) 422-8765

cc:    Alfonso Rizzuto, plaintiff pro se
512 Donnelly Street
Duryea, PA 18642